UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Minnesota Implant Center P.L.L.C.,                    Chapter 7

    Debtor.                                              Bankruptcy No. 24-30760
_____

MEMORANDUM OF LAW
_____

FACTS

The debtor stated in its petition that it is a "health care business." (*See* Petition, DE #1 at 2.) The debtor previously operated a dental clinic. (*See* Manty Decl. at ¶ 2.) The debtor is no longer doing business. (*See id.*) When it was in operation, the debtor provided dental implants to its patients. (*See id.*)

The debtor's petition and schedules indicate personal property valued at $800,000 and general unsecured claims in excess of $2 million. (DE #10, at 2.) The debtor's listed assets consist of dental equipment and office fixtures. (*Id.*, at 4.) The debtor owes $1 million to "at least 55 patients" who "have paid deposits towards dental work in various stages of completion." (*Id.*, at 12.)

On April 4, 2024, the Woodbury Police Department ("WPD") executed a search warrant at the debtor's business premises in Woodbury, Minnesota. (*Id.*, at ¶

1

3.) The WPD removed paperwork, equipment, and patient appliances (dentures and Invisalign appliances).

The Court has not entered an order directing the United States Trustee to appoint a patient care ombudsman.

## ARGUMENT

**I.     A patient care ombudsman is not necessary for the protection of patients in this case because the debtor is not operating.**

There is no need for the Court to order the appointment of a patient care ombudsman in this case. The debtor does not have patients that need the protection a patient care ombudsman would provide.

If a chapter 7 debtor is a health care business, "the court shall order, not later than 30 days after the commencement of the case, the appointment of an ombudsman to monitor the quality of patient care and to represent the interests of the patients of the health care business unless the court finds that the appointment of such ombudsman is not necessary for the protection of patients under the specific facts of the case." 11 U.S.C. § 333.

Most courts have utilized a 9-factor test to determine if the appointment of an ombudsman is necessary: (1) The cause of the bankruptcy; (2) The presence and role of licensing or supervising entities; (3) The debtor's past history of patient care; (4) The ability of the patients to protect their rights; (5) The level of dependency of the

2

patients on the facility; (6) The likelihood of tension between the interests of the patients and the debtor; (7) The potential injury to the patients if the debtor drastically reduced its level of patient care; (8) The presence and sufficient of internal safeguards to ensure the appropriate level of care; and (9) The impact of the cost of the ombudsman on the likelihood of a successful reorganization.  *See, e.g., In re Flagship Franchises of Minnesota, LLC*, 484 B.R. 759, 762 (Bankr. D. Minn. 2013).  "The weight given to the factors is at the discretion of the reviewing court." *Id.*

In this case, little is known about why the debtor filed for bankruptcy relief or the history of the debtor with respect to former patients.  It is clear, however, that the debtor is not operating, does not have patients, *see* Manty Decl., at ¶ 2, and for that reason presumably does not have a relationship with any licensing or supervising entities.  Former patients are now presumably receiving care at other businesses.  After considering all of the relevant factors, it should be apparent that there simply are no patients to protect and thus no need for the Court to order the appointment of a patient care ombudsman.

*—Remainder of page intentionally blank—*

## CONCLUSION

For all of these reasons set forth above, the Court should determine that the appointment of a patient care ombudsman is not necessary in this case.

Dated: April 9, 2024

MARY R. JENSEN
ACTING UNITED
STATES TRUSTEE
REGION 12

s/ Colin Kreuziger
Colin Kreuziger
Trial Attorney
MN Atty No. 0386834
United States Department of Justice
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 334-1360
Colin.Kreuziger@usdoj.gov